IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN L. WALKER,

    Petitioner,           No. CIV-S-01-2345 FCD KJM P

    vs.

TOM L. CAREY, et al.,        ORDER AND

    Respondents.       FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges denials of parole that occurred in 1998 and 2000. Several matters are before the court.

1. February 23, 2005 Order To Show Cause

        On February 23, 2005, counsel for respondents was ordered show cause why sanctions should not be imposed under Rule 11(b) of the Federal Rules of Civil Procedure for actions described in that order. Counsel for respondents filed a response to the order to show cause on March 14, 2005 along with an amended answer. In light of counsel's response, the order to show cause will be discharged.

/////

/////

2. <u>Failure To Exhaust State Court Remedies</u>

Petitioner asserts he presented the issues raised in this action in an application for writ of habeas corpus filed in the California Supreme Court on April 23, 2001. Pet. at 3. In his petition and his California Supreme Court habeas application, petitioner admits that he has not exhausted administrative remedies. Pet. at 3-4; Am. Answer, Ex. G at 8-9.[1] The California Supreme Court responded to petitioner's habeas application as follows: "Petition for writ of habeas corpus is DENIED. (See <u>In re Dexter</u> (1979) 25 Cal.3d 921.)" Pet., Ex. 12. <u>In re Dexter</u> stands for the proposition, among others, that a state habeas petition concerning an administrative decision, such as the denial of parole, cannot be brought unless available administrative remedies are exhausted. <u>See</u> 25 Cal.3d at 925.

Respondent argues that, in light of the California Supreme Court's decision, petitioner's claims are procedurally defaulted. A habeas claim may be procedurally defaulted in this court if the California Supreme Court denies the claim on state law procedural grounds that are independent from federal law. <u>See</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 577-78 (9th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Blanks v. Bennett</u>, 540 U.S. 938 (2003). Nothing suggests, however, that the California Supreme Court's denial of petitioner's habeas action was a denial with prejudice. Rather, it appears that if petitioner does exhaust administrative remedies, his claims may be heard by the California Supreme Court as California's habeas statute permits multiple habeas actions.[2] <u>See</u> Cal. Penal Code § 1473. Furthermore, respondents fail to cite any cases indicating the rule in <u>Dexter</u> is an adequate basis for finding procedural default.

---

[1] In his traverse, petitioner claims he actually did exhaust administrative remedies with respect to the claims arising from the 1998 denial of parole, but suggests he did not exhaust the 2000 denial. Traverse at 3. It is unclear why petitioner elsewhere admits that he did not exhaust administrative remedies with respect to any of his claims presented to the California Supreme Court.

[2] If petitioner has exhausted administrative remedies with respect to petitioner's 1998 denial, to exhaust state court remedies with respect to the 1998 denial, it would appear petitioner merely needs to present these claims to the California Supreme Court and inform that court that he has exhausted administrative remedies.

While the court cannot find that this action is procedurally defaulted, this action cannot proceed on the petition before the court because petitioner has not shown he has exhausted state court remedies with respect to any of his claims. Prisoners in state custody who want to challenge either the fact or the length of their imprisonment in federal court through a petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of every claim they seek to raise in federal court. 28 U.S.C. §§ 2254(b)(1)(A), (c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).[3] If available state remedies have not been exhausted, the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). As noted above, it appears there are still state court remedies available to petitioner. Therefore, this action must be dismissed.

3. Other Motions

In light of the foregoing, the court will recommend that petitioner's May 25, 2005 request for release and June 2, 2005 motion for summary judgment be denied. Also, in light of the above, petitioner's June 2, 2005 request for judicial notice will be denied.

Petitioner has filed a motion requesting that respondents and counsel for respondents be sanctioned. There is no cause for sanctions. Petitioner's request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause issued February 23, 2005 is discharged;

2. Petitioner's June 2, 2005 request for judicial notice is denied; and

3. Petitioner's July 12, 2005 request for the imposition of sanctions is denied.

/////

/////

---

[3] This court may excuse the exhaustion requirement if "there is an absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has not shown cause for excusing the exhaustion requirement.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's May 25, 2005 request for release be denied;

2. Petitioner's June 2, 2005 motion for summary judgment be denied; and

3. Petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1/JA
walk2345.157